# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Steven Groschen,                                    File No. 25-CV-01691 (JMB/SGE)

      Plaintiff,

v.                                                                    **ORDER**

Alana Kopel, *Officer*; and Robin Kivel,
*Officer*,

      Defendants.

Steven Groschen, St. Paul, MN, self-represented.

Ryan M. Zipf, League of Minnesota Cities, St. Paul, MN, for Defendants Woodbury Police Department, Alana Kopel, and Robin Kivel.

This matter is before the Court on Defendants Alana Kopel's and Robin Kivel's (together, Defendants) motion to dismiss Plaintiff Steven Groschen's Amended Complaint. (Doc. No. 27.)  For the reasons explained below, the Court grants the motion.

## BACKGROUND

On August 18, 2024, Alana Kopel, a police officer with the Woodbury Police Department, pulled over Groschen's vehicle. (Doc. No. 26 [hereinafter, "Compl."] ¶ 6.) During the encounter, Kopel told Groschen that she had pulled him over because Groschen's vehicle did not have appropriate registration or license plates. (*Id.*)  Groschen declined to give Kopel his identification or insurance information when asked because he believed that he had not committed a crime. (*Id.* ¶¶ 6, 7.)  Groschen does not allege that his vehicle registration was current or that his license plates were properly displayed. (*See*

1

*generally* Compl.)  Then, when Kivel arrived on the scene, Groschen continued to refuse to provide officers with his identification.  (*Id.* ¶ 9.)  Kopel then placed Groschen under arrest and put him in a squad car.  (*Id.* ¶¶ 9–11.)  When doing so, the officers searched of Groschen's person.  (*Id.* ¶ 10.)

Groschen was later charged with several traffic violations in Washington County District Court, including failure to possess or display a driver's license, failure to carry proof of insurance, and failure to display a vehicle registration.  *See State v. Groschen*, No. 82-VB-24-9197 (Sept. 16, 2024).  Ultimately, the City dismissed all charges against Groschen pursuant to a plea agreement.  (Doc. No. 29-5.)

In his Amended Complaint, Groschen alleges that, during the traffic stop, Kopel and Kivel[1] violated his constitutional rights.[2]  Specifically, Groschen—a self-identified sovereign citizen (Doc. No. 37 at 2)—asserts that the officers encumbered his "right to locomotion in [his] personal property" under the Fourteenth Amendment of the U.S. Constitution by accusing him of violating state license and registration laws, and further violated his right to be free of unreasonable searches and seizures under the Fourth

---

[1] Groschen's original Complaint appeared to assert official-capacity claims against the Woodbury Police Department.  (*See* Doc. No. 1 at 1.)  The Amended Complaint, however, identifies only the individual officers Kopel and Kivel as defendants.  (Doc. No. 26 at 1–2.)  The Court construes the Amended Complaint—the only operative pleading—as asserting claims against Kopel and Kivel, and not against the Woodbury Police Department.  *See Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025) ("In our Circuit, it is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." (quotation omitted)).

[2] The Court construes Groschen's constitutional claims as being brought pursuant to 42 U.S.C. § 1983.

Amendment by searching his person during his arrest. He also asserts that Kopel and Kivel violated his constitutional rights under color of law, in violation of 18 U.S.C. § 242, a federal criminal statute. (Compl. ¶ 4.) Groschen seeks more than $2 million in compensatory and special damages. (*Id.* at 5.)

**DISCUSSION**

Defendants have moved to dismiss this action for failure to state a claim. On a motion to dismiss under Rule 12(b)(6), courts consider all facts alleged in the complaint to be true and then determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading has facial plausibility when its factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In this analysis, courts construe the allegations and draws inferences from them in the light most favorable to the plaintiff. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018). However, courts will not give plaintiffs the benefit of unreasonable inferences, *Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010), and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). For the reasons discussed below, the Court grants the motion.

## I.    FOURTH AND FOURTEENTH AMENDMENT CLAIMS

Defendants argue that they are immune from Groschen's constitutional claims in their individual capacities by the doctrine of qualified immunity. The Court agrees and dismisses these claims because the Amended Compliant fails to plausibly plead a viable

3

claim under the Fourth or Fourteenth Amendment.

In general, the doctrine of qualified immunity protects government officials like police officers from liability "unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004). This immunity shields all government officials, except for "the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (advising that officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines"). Courts can and should rule on defendants' assertions of qualified immunity "at the earliest possible stage in litigation," including at the pleading stage. *Payne v. Britten*, 749 F.3d 697, 701–02 (8th Cir. 2014). When an assertion of qualified immunity arises at the pleading stage, as here, the Court asks "only whether the facts as alleged plausibly state a claim," and, if so, "whether that claim asserts a violation of a clearly established right." *Id.* at 702.

### A.    Fourteenth Amendment

In his Amended Complaint, Groschen alleges that Kovel and Kipel violated the Fourteenth Amendment by citing him for violations of state licensing and registration laws. (Compl. ¶ 9.) Groschen takes the position that such conduct violates the Fourteenth Amendment becuase the U.S. Constitution guarantees him the right to "move as [he] please[s]," and that he has "a right to locomotion according to modern day values," which values include the use of an automobile. (Doc. No. 37 at 4.) The gist of Groschen's Fourteenth Amendment claim is that state laws requiring drivers to submit to licensing and

registration regimes apply only to actors conducting commercial activity (which he asserts he was not at the time of the August 2024 traffic stop) and are otherwise unconstitutional restraints on a private person's "absolute right" to travel. (*Id.* at 6; *see also id.* at 2–16.)

The Court—like many other courts—disagrees with Groschen's legal premise. State laws requiring the display of license plates, vehicle registration, proof of insurance, and other licensing requirements do not unduly impinge upon any constitutional right to travel. *E.g.*, *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 995 (8th Cir. 2016) (holding that the enforcement of traffic regulations does not violate any right to travel); *Connradt v. Krichbaum*, 2024 WL 4495113, at *4 (D. Minn. Sept. 17, 2024) (rejecting sovereign-citizen plaintiff's assertions that state vehicle and licensing laws violated right to travel); *Schoeszler v. Nettell*, No. 24-CV-1197 (JWB/ECW), 2024 WL 3928875, at *3 (D. Minn. Aug. 14, 2024) ("While the right to travel is established, states may regulate driving for public safety."); *report and recommendation adopted*, 2024 WL 4494168 (D. Minn. Oct. 15, 2024); *Triemert v. Washington Cnty.*, No. 13-CV-1312 (PJS/JSM), 2013 WL 6729260, at *7–10 (D. Minn. Dec. 19, 2013) (collecting cases and dismissing sovereign-citizen plaintiff's claims under section 1983 that state laws requiring vehicle registration, licensing, and proof of registration do not impinge any constitutional right to travel), *aff'd* 571 Fed. App'x 509 (8th Cir. 2014); *see also Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2–3 n.2 (D. Neb. Mar. 12, 2021).

Thus, the Amended Complaint fails to allege facts that would establish a viable claim under the Fourteenth Amendment, much less a clearly established right, and the factual allegations cannot overcome Kovel's and Kopel's assertion of qualified immunity.

## B.    Fourth Amendment

The Amended Complaint includes allegations that Kopel and Kivel violated the Fourth Amendment.    However, his allegations are mere legal conclusions that are unsupported by fact.  The allegations are, in full, as follows:

> At this time [of arrest], under custody the officers searched me violating my 4th amendment to unreasonable searches acting under color of law.

> They put me in the back of Kopel's squad car and illegally seized my personal property.  This was another violating against my 4th amendment right unconstitutionally seizing my property while acting under color of law.

(Doc. No. 26 at 4.)  These conclusory statements include no factual detail to support a claim that the officers' conduct was unreasonable.[3]    For instance, although the Amended Complaint alleges that the officers "illegally seized [his] personal property" (*id.*), the Amended Complaint does not allege what personal property was seized during this encounter.    Without additional factual allegations, the Court is unable to "draw the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Again, the Amended Complaint fails to allege facts that would establish a

---

[3] The Amended Complaint does not primarily allege that the officers lacked a reasonable basis to suspect Groschen of violating Minnesota laws requiring valid vehicle registration and the display of valid license plates on their vehicles, Minn. Stat. § 169.79, subd. 1. (*See generally* Compl.)    Instead, the Amended Complaint purports to claim Groschen's constitutional rights to travel are violated by the vehicle registration and license requirements themselves.  Thus, Groschen's claim necessarily requires a holding that such state-law requirements are unconstitutional.  In this way, the Amended Complaint does not allege an unreasonable seizure.  Nevertheless, to the extent that any of the allegations can be construed to challenge the reasonableness of his arrest, such a claim fails.  The Fourth Amendment permits warrantless arrests based on probable cause, even for minor offenses. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105–06 (8th Cir. 2004).

6

viable claim (much less a clearly established right).  Therefore, the Court dismisses Groschen's Fourth Amendment claim.

## II.    STATUTORY CLAIM

Defendants also argue that no private right of action exists under 18 U.S.C. § 242 and, as a result, Groschen's claim under section 242 fails.  Groschen offers no response. The Court agrees.  The law is clear that there is no private right of action under section 242—a federal criminal statute—in a civil lawsuit such as this.  *E.g.*, *Hansen v. Westly*, No. 24-CV-2653 (ECT/JFD), 2024 WL 4851300, at *2 (D. Minn. Nov. 21, 2024) (collecting cases and dismissing claim under section 242 on grounds that it does not provide for private right of action); *see also, e.g.*, *also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–42.").  As a result, Groschen's claim under section 242 fails.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendants' motion to dismiss (Doc. No. 27) is GRANTED as follows:

1. Groschen's Fourteenth Amendment claim and his claim under 18 U.S.C. § 242 are DISMISSED WITH PREJUDICE.

2. Groschen's Fourth Amendment claim is DISMISSED WITHOUT PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 24, 2026                              /s/ *Jeffrey M. Bryan*
                                                    Judge Jeffrey M. Bryan
                                                    United States District Court